■ EDWARD KILLEEN, on Behalf of Himself and All Other Persons Similarly Situated, Appellant-Respondent, v NEW YORK STATE OFFICE OF REAL PROPERTY SERVICES et al., Defendants, WESTCHESTER COUNTY TAX COMMISSION et al., Respondents-Appellants, and TOWN OF YORKTOWN, Appellant-Respondent. [677 NYS2d 618] —In an action, *inter alia*, for a declaratory judgment, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 28, 1997, as denied their motion for class certification and summary judgment, (2) the defendant Town of Yorktown separately appeals from so much of the same order as held that the defendant Westchester County Tax Commission shall be obliged only to consider, but not necessarily adopt, the special segment equalization rate computed by the defendant New York State Office of Real Property Services, pursuant to Real Property Tax Law § 1314, in apportioning school district taxes in the Lakeland Central School District, and (3) the defendants Westchester County Tax Commission and Westchester County cross-appeal from so much of the same order as directed the defendant Westchester County Tax Commission to consider the special segment equalization rate computed by the defendant New York State Office of Real Property Services.

Ordered that the order is modified by deleting the second and fourth decretal paragraphs thereof and substituting therefor a provision granting that branch of the plaintiffs' motion which was for summary judgment declaring that Westchester County Charter § 122.61 and Westchester County Administrative Code § 283.201 (3), prior to its amendment by Local Laws, 1998, No. 9 of Westchester County, effective May 5, 1998, are unconstitutional as applied to the plaintiffs; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment making the appropriate declarations.

The process that Westchester County and its Tax Commission uses in levying the subject school taxes results in a violation of the plaintiffs' rights to equal protection under both the State and Federal Constitutions (*see*, US Const 14th Amend; NY Const, art I, § 11). Consequently, Westchester County Charter § 122.61 and the Westchester County Administrative Code § 283.201 (3), prior to its amendment by Local Laws, 1998, No. 9 of Westchester County, are unconstitutional as applied to the plaintiffs, insofar as they effectively preclude the

utilization of the special segment equalization rate established by the defendant New York State Office of Real Property Services in apportioning school tax among the residents of the Town of Yorktown within the Lakeland Central School District and the residents of the Town of Cortlandt within that same school district.

"The integrity of any system of taxation, and particularly real property taxation, rests upon the premise that similarly situated taxpayers pay the same share of the tax burden" (*Foss v City of Rochester*, 65 NY2d 247, 254). While the Federal and State Constitutions do not prohibit dual tax rates or require that all taxpayers be treated the same, they require that those similarly situated be treated uniformly. A tax statute violates the Equal Protection Clauses of both constitutions if it permits similarly-situated properties to be taxed unequally and there is no rational basis for the difference (*see, Foss v City of Rochester, supra; Matter of Krugman v Board of Assessors*, 141 AD2d 175; *Verga v Town of Clarkstown*, 137 AD2d 809). The process used by the County results in the shifting of the Town of Cortlandt's tax burden onto the residents of the Town of Yorktown. There is no rational basis for the process and it serves no legitimate governmental purpose. At the argument of this appeal, the parties informed this Court that, effective May 5, 1998, the County enacted Local Laws, 1998, No. 9 of Westchester County, amending Westchester County Administrative Code § 283.201 (3), so as to correct the inequality described above. The legislation, however, applies prospectively only, and therefore does not render this appeal academic.

The parties' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.