■ SUPREME ASSOCIATES, LLC, et al., Respondents, v THOMAS R. SUOZZI et al., Appellants, et al., Defendants. [886 NYS2d 430]—

In an action for a judgment declaring that RPTL article 18 violates the Due Process and Equal Protection Clauses of the United States and New York Constitutions, and New York Constitution, article XVI, § 2, the defendants Thomas R. Suozzi, Harvey B. Levinson, Dennis L. Brown, Michael G. Norman, Michael M. Freeman, Thomas P. Dajesu, and County of Nassau appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered July 10, 2007, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs are owners of certain commercial properties located within the defendant Port Washington Union Free School District, which is located within the defendant County of Nassau. In 2006 the plaintiffs commenced the instant action for a judgment declaring that RPTL article 18, on its face and as applied to them, violates various constitutional provisions. The first cause of action alleged violations of the Due Process Clauses of the United States and New York Constitutions (*see* US Const, 14th Amend, § 1; NY Const, art I, § 6). The second cause of action alleged violations of the Equal Protection Clauses of the United States and New York Constitutions (*see* US Const, 14th Amend, § 1; NY Const, art I, § 11). The third, and final, cause of action, alleged a violation of New York Constitution, article XVI, § 2.

The County and several of its officers (hereinafter the appellants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, contending that the plaintiffs failed to state a claim upon which relief could be granted. The Supreme Court denied the motion and we modify.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). The court's function on such a motion is not to determine whether the plaintiff "should ultimately prevail" (*Becker v Schwartz,* 46 NY2d 401, 408 [1978]) but, rather, is to determine whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d at 87-88).

Applying this standard here, the plaintiffs failed to sufficiently allege a due process cause of action. Specifically, they failed to make any allegations, which, if true, would support the conclusion that any tax statute contained in RPTL article 18 is "so arbitrary as to compel the conclusion that [the statute] does not involve an exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property" (*A. Magnano Co. v Hamilton,* 292 US 40, 44 [1934]; *see Shapiro v City of New York,* 32 NY2d 96, 102-103 [1973]). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the first cause of action insofar as asserted against them (*see* CPLR 3211 [a] [7]).

In addition, the plaintiffs failed to make any allegations, which, if true, would support the conclusion that the article under consideration failed to satisfy the requirement, articulated in New York Constitution, article XVI, § 2, that the Legislature "provide for the supervision, review and equalization of assessments." Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was to dismiss the third cause of action insofar as asserted against them (*see* CPLR 3211 [a] [7]).

However, the plaintiffs sufficiently alleged an equal protection cause of action (*see* CPLR 3211 [a] [7]). In this regard, they specifically alleged that they are being treated differently from other, similarly-situated property owners, and that no rational basis exists for this allegedly disparate treatment (*cf. Foss v City of Rochester,* 65 NY2d 247, 254, 260 [1985]; *Killeen v New York State Off. of Real Prop. Servs.,* 253 AD2d 792, 793 [1998]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach,* 141

AD2d 175, 183-184 [1988]; *Verga v Town of Clarkstown,* 137 AD2d 809 [1988]). Therefore, we find, "without expressing any opinion as to the plaintiffs' ability ultimately to establish the truth of these averments" (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509 [1979]), that the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the second cause of action insofar as asserted against them. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.