■ In the Matter of RONALD COHEN, Appellant, v ARTHUR ENGORON, Respondent. [898 NYS2d 39]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered November 2, 2009, which denied the petition brought pursuant to CPLR article 78 seeking (1) to compel Judge Engoron of the Civil Court, New York County to vacate his order dated October 5, 2007, denying the motion to dismiss an underlying action against petitioner's client in the case of *Marte v Graber* (17 Misc 3d 1139[A], 2007 NY Slip Op 52348[U] [2007]), and all subsequent orders issued in that case, (2) to cause such orders to be removed from the public record, and (3) to direct Judge Engoron to cease and desist from maintaining the validity of such orders, and dismissed the proceeding, unanimously affirmed, without costs.

In the underlying action, the incarcerated plaintiff sought to recover a retainer paid to attorney Herman Graber for legal services to be rendered in connection with the filing of his criminal appeal. Graber allegedly failed to perform such services and he died approximately three months before the plaintiff commenced the underlying action. Thereafter, the defense sought dismissal of the underlying action and the plaintiff moved to substitute Graber's widow as the defendant and for leave to amend the summons. Supreme Court denied the motion to dismiss and granted the relief sought by the plaintiff. The court also removed the action to Civil Court, New York County. Supreme Court then granted the defense's motion for reargument and, upon reargument, adhered to its prior determination.

The defendant appealed Supreme Court's orders and while the appeal was pending, the defendant moved in Civil Court to dismiss the underlying action. In an order dated October 5, 2007, Judge Engoron denied the motion on the basis that Supreme Court's order constituted law of the case. The court also denied the motion on the basis that the defendant's attorney (petitioner) did not maintain an office within the state for the "transaction of law business" as required by Judiciary Law § 470 (*Marte v Graber*, 17 Misc 3d 1139[A], 2007 NY Slip Op 52348[U] [2007]). The defendant moved to reargue, and in an order dated February 27, 2008, Judge Engoron granted the motion and, upon reargument, adhered to the prior determination.

On November 13, 2008, this Court reversed Supreme Court and dismissed the underlying action (58 AD3d 1 [2008]). We held that the underlying action was a nullity from its inception

since the summons and complaint were filed after the death of Herman Graber, that Graber was never a party to the action, and thus there was no party for whom a substitution could be made nor a legal summons which could be amended (*id.* at 4). Following this Court's decision, petitioner brought the subject article 78 proceeding.

Supreme Court properly denied the petition as neither mandamus nor prohibition is available since petitioner did not meet his burden of demonstrating a "clear legal right" to the relief requested, namely to have the Civil Court's orders in the underlying action removed from the public record (*Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006] [internal quotation marks and citation omitted]). Because this Court's holding rendered the action before the Civil Court a nullity, the court properly found that the issues raised in this proceeding have been rendered academic (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), and that the portion of the order holding that petitioner failed to satisfy the requirement of Judiciary Law § 470 is not an issue that warranted the circumvention of the mootness doctrine.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 32521(U).]**