■ In the Matter of MARK OZDOBA, Appellant, v CHELSEA LANDMARK LIC, LLC, et al., Respondents. [902 NYS2d 537]—

Order and judgment (one paper), Supreme Court, New York County (Marilyn Shafer, J.), entered March 30, 2009, which in this proceeding brought pursuant to CPLR article 78, denied the petition seeking, among other things, to reverse respondents' determination that petitioner did not meet the income eligibility requirements for an affordable apartment, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner's request for an award of an affordable apartment is plainly in the nature of mandamus to compel the performance of a duty on the part of respondents. While mandamus is an appropriate remedy to enforce the performance of a ministe-

rial duty, it is well settled that it will not be awarded to compel an act in respect to which the officer may exercise discretion or judgment (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]).

Petitioner can show no legal right to an affordable apartment since the decision to terminate his application involved the exercise of judgment based on the fact that petitioner failed to submit sufficient data to enable the owner respondents to accurately calculate his income. Moreover, the methodology used by the owner respondents to calculate self-employment income, which was what petitioner presented them with by producing IRS form 1099s reflecting self-employment income at the eligibility interview, was rational and not arbitrary or capricious. Given the problems raised, to wit, that 1099s reflect gross income and when calculating annual income owners must include net income, i.e., income net of business-related expenses, and that there needs to be a demonstration of continuity in self-employment income, it was entirely reasonable for the owner respondents to require backup data in the form of past tax returns and schedules and IRS transcripts to document such self-employment and business-related expenses. Although petitioner acknowledges that the Housing and Urban Development Guidelines provide that owners are expected to make a reasonable judgment as to the most reliable approach to estimating what a tenant will receive in income during the year, he overlooks the import of that provision. The provision clearly gives owners the discretion to employ whatever methodology they believe will yield accurate results in determining income eligibility.

In addition, it was entirely rational and neither arbitrary nor capricious for owner respondents to make a determination on eligibility based on petitioner's circumstances at the time petitioner's log number was called up. Given the large number of applicants (6,000) and the small number of apartments involved (83), there needed to be finality to the owner respondents' determination.

The petition as against respondent New York City Department of Housing Preservation and Development (HPD) was properly dismissed as it is undisputed that HPD was not the agency which administered the 80/20 program in the subject building, and had no power to award petitioner an apartment in that building. In addition, the petition as against respondent New York State Housing Finance Agency (HFA) was properly dismissed as, although it is undisputed that HFA did indeed administer the 80/20 program in the subject building, in order to receive financing from HFA, owner respondents had to enter

into a regulatory agreement with HFA and submit a marketing plan in compliance with HFA's affirmative fair housing marketing guidelines, which they did. The marketing plan set forth the criteria for eligibility and rejection. Under the marketing plan, the owner respondents had exclusive control over selecting qualifying low-income tenants. It is undisputed that HFA played no role in the application screening and selection process, and did not make the determination of ineligibility. Moreover, HFA lacks the power to compel the owner respondents to provide petitioner with an affordable apartment in the subject building.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 30666(U).]**