■ 225 FIFTH AVENUE RETAIL LLC, Respondent, v 225 5TH, LLC, et al., Appellants. [915 NYS2d 1]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 20, 2009, which granted plaintiff summary

judgment on liability on the first, fourth and fifth causes of action and denied defendants' cross motion for partial summary judgment, unanimously affirmed, with costs.

This action involves the sale of a commercial condominium unit in a Manhattan building owned by defendant 225 5th, its sponsor. Plaintiff alleges that 225 5th breached its obligation to complete work on an aluminum kitchen flue by the date required, entitling it to recover liquidated damages from 225 5th and its guarantors, defendants El-Ad Group and Industrial Buildings.

In connection with the sale, plaintiff and 225 5th entered into a license agreement in November 2006, describing certain work to be performed as "Vanilla Box Work," which, if not substantially completed by the date specified, would entitle plaintiff to liquidated damages of $7,000 per day for each day the work was not completed. The agreement provided that substantial completion would be determined by the architect, Gardiner & Theobold, whose determination would be binding.

On the same day these parties executed the license agreement, they also executed a side agreement by letter, identifying four items of the Vanilla Box Work—the "Punch List Items"—that had not yet been completed, to which the liquidated damages provision of the license agreement would not apply. The letter agreement contained 225 5th's representation that the kitchen exhaust flue "has been completed, is in working order, and is code compliant and available to service any restaurant operation." It further provided that "if such representation and warranty . . . shall be false in any material aspect, then such item of Vanilla Box Work shall be deemed to have . . . not yet been completed as of the closing date under the Purchase Agreement." The letter agreement concluded with the parties' expressed reservation of their rights under the license agreement.

The letter agreement's language is clear and unambiguous, declaring the subject flue work to be an item of Vanilla Box Work, holding 225 5th accountable for misrepresentations concerning its status, and reserving the parties' rights under the license agreement. Where the parties sought to exclude items of Vanilla Box Work from the penalty provision, they did so. Given the clear language of the agreements, extrinsic evidence as to the parties' intent is inadmissible (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). Accordingly, upon submission of the architect's affidavit attesting to the incomplete condition of the flue work, plaintiff established entitlement to summary judgment on its cause of action for breach of contract

against 225 5th, and on the guaranty against the remaining defendants.

225 5th failed to meet its burden of establishing that at the time the license agreement was entered into, the amount of anticipated damages was easily ascertainable, or that the liquidated amount was grossly disproportionate to the probable loss (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420 [1977]). We have reviewed defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.