■ CONRAD SHIH, Appellant, v THE WATERFRONT COMMISSION OF NEW YORK, Respondent. [922 NYS2d 36]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered October 7, 2009, which denied the petition seeking reinstatement with back pay, benefits, costs, and attorney's fees, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner's position as an auditor was not within the definition of "permanent employee" under section IV (A) (1) (a) of the employees' manual, and that he was therefore not entitled to the due process protections of a pretermination hearing, was not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). An agency has broad power to construe and interpret its own rules, and its interpretation must be upheld where, as here, it is rational (*see Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]).

Petitioner's termination did not violate Executive Law § 296 (15) and (16). Disorderly conduct, a violation, to which petitioner pleaded guilty, does not constitute a "criminal offense" within the meaning of subdivision (15), and his arrest did not result in the termination of the criminal action in his favor, as required by subdivision (16).

As a nontenured employee, petitioner was not entitled to a full adversarial hearing concerning the reasons for his termination; he has failed to show that his termination was for an improper reason or in bad faith (*see Matter of Beneky v Waterfront Commn. of N.Y. Harbor*, 42 NY2d 920, 921 [1977], *cert denied* 434 US 940 [1977]).

Given petitioner's attempt to steal a DVD from a music store and failure to report his arrest on related charges, we cannot say that the penalty imposed was so disproportionate to the offense as to shock one's sense of fairness (*see Matter of Rodriguez v City of New York*, 71 AD3d 512, 513 [2010]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. [**Prior Case History: 2009 NY Slip Op 31845(U).**]