■ JAY D. TINI, Respondent, v ALLIANCEBERNSTEIN L.P. et al., Appellants. [968 NYS2d 488]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered June 22, 2012, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff alleges that he is owed salary, commissions, benefits, and other compensation by his former employer, AllianceBernstein L.P. (ABLP). The parties' agreements allow ABLP to terminate plaintiff's employment "at any time for any reason" and provides for a forfeiture of unvested restricted units (RUs) in ABLP, in the event of plaintiff's termination or resignation. While the foregoing reflects an "at will" employment, the parties' agreements also contain a provision which requires plaintiff to provide defendants with 60 days' notice of his resignation and that he would "continue to be eligible for base compensation (salary and/or commissions) and benefits during the notice period," even though ABLP "may . . . require [that he] discontinue regular duties."

On or about October 11, 2011, plaintiff gave ABLP 60 days notice of his intent to resign on December 9, 2011, eight days after the expected vesting of his rights in certain RUs in ABLP. ABLP then unilaterally reduced the notice period by almost 30 days. Under these circumstances, the court properly determined that plaintiff stated a claim for breach of contract, as the controlling agreements may be interpreted to entitle him to the continued receipt of the benefits of his employment throughout the 60-day notice period. The construction that defendants seek to impose would render the provision of a 60-day notice period, during which he was to continue to receive his salary and compensation, meaningless and in contravention of rules of contractual construction (*see RM 14 FK Corp. v Bank One Trust Co., N.A.*, 37 AD3d 272, 274 [1st Dept 2007]).

Furthermore, as unpaid salary and commission constitute "[w]ages" under Labor Law § 190 (1), plaintiff has stated a claim under Labor Law § 198 (*see e.g. Beach v Touradji Capital Mgt. L.P.*, 85 AD3d 674, 675 [1st Dept 2011]). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.