**MTA BUS NON–UNION EM-
PLOYEES, et al., Plain-
tiffs–Appellants,**

v.

**MTA NEW YORK CITY TRANSIT,
Defendant.**

**Metropolitan Transportation Authority,
MTA Bus Company, Defendants–
Appellees.***

**No. 12–4198–cv.**

United States Court of Appeals,
Second Circuit.

Oct. 8, 2013.

John A. Cirando (Bradley E. Keem, Elizabeth dev. Moeller, on the brief) Dealy Silberstein & Braverman, LLP, Syracuse, NY, for Plaintiffs–Appellants.

Helen Fromm (Mary Fisher Bernet, Peter Sistrom, on the brief) Metropolitan Transportation Authority, New York, NY, for Defendant.

PRESENT: JOHN M. WALKER, JR., PIERRE N. LEVAL, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

In this appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*), we conclude, first, that the court was within its discretion to retain supplemental jurisdiction over Appellants' state law claims.

---

* We direct the Clerk of the Court to amend the     official caption as noted.

We also affirm the District Court's grant of judgment to the defendants on Appellants' state law claims based on their Offer Letter and pension plan. Appellants argue that when the MTA granted increases in contributions and benefits to the workers covered by its collective bargaining agreement ("CBA") with the Transport Workers Union of America, Local 100 ("Local 100"), it was compelled by the terms of Article 16 of the Metropolitan Transportation Authority Defined Benefits Plan (the "Plan") to grant them corresponding increases in both contributions and benefits. Construing the Plan as denying any linkage between Appellants' benefits and benefits accorded under Local 100's CBA would leave the MTA free, almost at will, to wipe out the economic value to Appellants of their Plan. Simply by agreeing with Local 100 to an economically neutral increase in both contributions and benefits, the MTA could then impose on Appellants increased contributions, without corresponding increased benefits.

But that is not the case here. After the Impasse Award raised Local 100's contributions and benefits, the MTA did not increase Appellants' contributions without a corresponding increase to benefits. To the contrary, the MTA left Appellants' contributions and benefits unchanged, waiving its right to impose increased contributions. Therefore, even if Appellants are correct that the Plan prohibits the MTA from raising contributions in line with Local 100's CBA without a corresponding change to benefits, the Plan does not compel defendants to increase Appellants' benefits having foregone any increase to contributions.

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to

We affirm the judgment of the District Court.