OPINION OF THE COURT
Lucy Billings, J.
I. Petitioners’ Claims
Respondent MTA Bus Company, a subsidiary of respondent Metropolitan Transportation Authority (MTA), has employed petitioners as nonunion managers since July 2005. Both petitioner Clark and petitioner Provetto began their employment with private bus business entities that MTA Bus acquired in 2005. Petitioners allege that, as part of the agreed conditions of their employment, respondents repeatedly promised petitioners and other similarly situated nonunion managers from private bus business entities that they would be considered MTA employees, receive the same benefits as MTA employees, and be placed in the MTA Defined Benefit Plan. The plan, which petitioners refer to as a final average salary pension, allows MTA employees to collect pension benefits equal to a percentage of their final average salary at the time of retirement multiplied by their years of service.
In a written offer of employment accepted by Clark, who was employed by Queens Surface Corporation, MTA Bus specified that “[y]ou will begin participation in the MTA 401 (k) plan and MTA Bus will make contributions to that plan on your behalf pursuant to the same terms and conditions as Queens Surface Corporation made to its 401 (k) plan.” (Amended verified petition, exhibit 1, at 1.) Both written offers of employment accepted by petitioners specified that “[l]ike all non-represented employees of the MTA and its agencies, the outlined benefits and the like are subject to modification. However, you will not be treated differently than other non-represented MTA employees.” (Id., exhibit 2, at 1; see id., exhibit 1, at 2.)
Petitioners allege that they relied on these promises and respondents’ subsequent oral promises of equal pension benefits *347 in accepting employment with respondents. Petitioners maintain that all managers performing the same functions throughout MTA are enrolled in the MTA Defined Benefit Plan with a final average salary and that respondents’ policy is to provide the same pension plan to MTA managers from private entities that MTA acquired, even if those private entities previously provided no final average salary pension plan.
Petitioners further allege, however, that in fact respondents fail to provide the same retirement benefits to petitioners and other nonunion managers from a private entity whom MTA Bus now employs. According to petitioners, all nonunion managers with MTA Bus, Long Island Bus, and New York City Transit Bus perform the same functions and supervise employees from all three entities. Nevertheless, while nonunion managers at the latter two entities receive MTA’s pension plan, MTA Bus managers from other private entities only receive the retirement plans carried over from their previous private employers. Clark, for example, has only “a 401k contribution plan” with no pension. (Id. ¶ 76.) Petitioners also allege that managers at MTA Bus, unlike all other MTA managers, are prohibited from applying their military service time toward their years of service in calculating pension benefits.
Petitioners claim respondents made oral promises as well. Respondents specifically assured petitioners that respondents would enroll petitioners in the final average salary pension plan after the merger, but then repeatedly in 2007, 2008, and 2009 urged petitioners to be patient because respondents were working on resolving the pensions issue. Clark finally wrote to respondents MTA and Walder on March 22, 2011, demanding equal treatment and enrollment in a final average salary pension as respondents had promised both orally and in their written offer of employment. On April 11, 2011, Clark wrote to MTA and Walder again, reminding them that he expected a response. Receiving none, petitioners commenced this proceeding on behalf of themselves and all similarly situated nonunion managers on June 29, 2011.
Petitioners claim that respondents’ refusal to provide them retirement benefits equal to other nonunion MTA managers breaches the employment agreements by MTA and MTA Bus with petitioners and violates Civil Service Law § 115 and the Equal Protection Clause, article I, § 11, of the New York Consti *348 tution. Petitioners seek declaratory and injunctive relief entitling them and all MTA Bus nonunion managers to enrollment in the MTA Defined Benefit Plan with a final average salary and to retirement benefits equal to other MTA nonunion managers. Petitioners also seek relief entitling them and all MTA Bus employees to count their military service toward their length of employment in calculating pension benefits.
II. Respondents’ Motion to Dismiss the Amended Petition
Respondents move to dismiss the amended petition pursuant to CPLR 3211 (a) (2), (4), (5), (7) and 7804 (f). Respondents maintain, first, that petitioners’ claims are not ripe for review and, if ripe, are barred by the applicable statute of limitations. (CPLR 217 [1].) Second, this proceeding pursuant to CPLR article 78 is not the vehicle for petitioners’ claims because petitioners fail to allege any mandatory duty imposed on respondents; Civil Service Law § 115 does not confer a private right of action and does not apply to MTA employees, who are not civil servants; and petitioners allege only a claim for breach of contract. Finally, a federal action by Provetto against respondents precludes his claims here.
Upon respondents’ motion to dismiss the amended petition pursuant to CPLR 3211 (a), the court must accept petitioners’ allegations as true, liberally construe them, and draw all reasonable inferences in their favor. (Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 484 [2009]; Nonnon v City of New York, 9 NY3d 825, 827 [2007]; IDT Corp. v Tyco Group, S.A.R.L., 104 AD3d 170, 176 [1st Dept 2012]; Wadiak v Pond Mgt., LLC, 101 AD3d 474, 475 [1st Dept 2012].) The court may dismiss a claim based on CPLR 3211 (a) (7) only if the allegations completely fail to state a claim. (Leon v Martinez, 84 NY2d 83, 88 [1994]; Harris v IG Greenpoint Corp., 72 AD3d 608, 609 [1st Dept 2010]; Frank v DaimlerChrysler Corp., 292 AD2d 118, 121 [1st Dept 2002].) Dismissal of a claim is warranted under CPLR 3211 (a) (5) when respondents establish that the claim is barred by the statute of limitations, collateral estoppel, or res judicata. (E.g. Chelsea 18 Partners, LP v Sheck Yee Mak, 90 AD3d 38, 43 [1st Dept 2011]; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574, 576 [2d Dept 2013].)
III. Breach of Contract
Respondents urge that petitioners’ claims for breach of contract may not be included in a proceeding pursuant to CPLR *349 article 78 and, in any event, are premature, as neither named petitioner is at the point of retirement and thus eligible for pension benefits. No authority prohibits consideration of petitioners’ breach of contract claims along with their article 78 claims. A breach of contract claim is not subject to dismissal solely because the claim is not enumerated in CPLR 7803. When an article 78 proceeding includes a claim outside the scope of section 7803, the proceeding may be converted to a plenary action combined with the proceeding in a hybrid form. (CPLR 103 [c]; Eidlisz v New York Univ., 15 NY3d 730, 731-732 [2010]; O’Neill v New York Univ., 97 AD3d 199, 201 [1st Dept 2012]; Matter of Chatelle v North Country Community Coll., 100 AD3d 1332, 1332 [3d Dept 2012]; see New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d 17, 22 [2012]; Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation, 18 NY3d 289, 292-293 [2011]; Yatauro v Mangano, 17 NY3d 420, 425 [2011]; Phillips v City of New York, 66 AD3d 170, 173 n 2 [1st Dept 2009].)
Petitioners allege that their employment agreements with MTA Bus entitle petitioners to join the MTA Defined Benefit Plan with a final average salary, because the terms of the offer specified that petitioners would be treated no differently than other nonunion MTA employees, who are offered the pension benefits petitioners seek. Petitioners further allege that respondents continued to promise petitioners orally that they would be enrolled in the plan after they began their employment. To date, however, respondents have failed to enroll petitioners in the MTA Defined Benefit Plan with a final average salary. Thus petitioners adequately plead claims that respondents have failed to perform as promised under their written and oral contracts. (Tini v AllianceBernstein L.P., 108 AD3d 409, 409 [1st Dept 2013]; Red Oak Fund, L.P. v MacKenzie Partners, Inc., 90 AD3d 527, 528 [1st Dept 2011]; Plaza PH2001, LLC v Plaza Residential Owners LP, 79 AD3d 587 [1st Dept 2010]; Morris v 702 E. Fifth St. HDFC, 46 AD3d 478, 479 [1st Dept 2007]; see 225 Fifth Ave. Retail LLC v 225 5th, LLC, 78 AD3d 440, 441-442 [1st Dept 2010]; Edge Mgt. Corp. v Crossborder Exch. Corp., 304 AD2d 422, 423 [1st Dept 2003].)
While respondents’ written offer to Clark promised his “participation in the MTA 401 (k) plan” and MTA Bus’s contributions to it “pursuant to the same terms and conditions as Queens Surface Corporation made” (amended verified peti *350 tion, exhibit 1, at 1), he also relied on the additional promise that his “benefits and the like” would be no different than the benefits other non-represented MTA employees received. {Id. at 2.) Thus, while he expected the contributions to the 401(k) plan to continue at the same level, he expected retirement benefits that would provide him a pension equal to the pensions calculated by the formula used for other nonunion managers performing the same duties as Clark. Upon a record confined to the amended petition, moreover, “the MTA 401 (k) plan” is undefined and may be the equivalent of the MTA Defined Benefit Plan with a final average salary that petitioners are not receiving.
Given petitioners’ allegations that respondents promised petitioners enrollment in the MTA Defined Benefit Plan and equal treatment with other nonunion MTA employees and that other, current employees have been offered enrollment in the plan, respondents’ insistence that petitioners’ claims are premature, because petitioners have not yet applied for retirement, rings hollow. They allege a current breach of these promises. A breach of contract claim accrues when the breach occurs, even though no damage may be incurred until later. (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770 [2012]; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; Sanchez de Hernandez v Bank of Nova Scotia, 76 AD3d 929, 930 [1st Dept 2010].) Only when a claim is for a specific payment owed under the contract does the claim accrue when that claimant becomes entitled to demand that payment, rather than when the breach occurs. (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 770-771; Verizon N.Y., Inc. v Sprint PCS, 43 AD3d 686, 686-687 [1st Dept 2007]; Kuo v Wall St. Mtge. Bankers, Ltd., 65 AD3d 1089, 1090 [2d Dept 2009].)
Petitioners’ claims are not for payment under a contract, but for entitlement to retirement benefits as part of their employment terms and benefits. The pension petitioners seek is a form of deferred compensation and thus is part of the consideration for their services under their employment contract. (See Raynor v Raynor, 90 AD3d 1009, 1010 [2d Dept 2011].) Their retirement benefits bear directly on their continued acceptance of employment with respondents: (1) whether, when MTA acquired petitioners’ private employer in the first instance, petitioners accepted respondents’ offer or sought employment elsewhere; and (2) whether petitioners continue in respondents’ employ or *351 now seek employment elsewhere. Petitioners’ retirement benefits affect their current planning for their future retirement, planning that must occur now, not when petitioners retire. Therefore petitioners need not wait until they retire to enforce their rights to a pension under the contract.
The alleged breach of the employment contracts, respondents’ failure to enroll petitioners in the MTA Defined Benefit Plan with a final average salary, has occurred continuously from when performance under the contracts commenced: when petitioners commenced employment with respondents. (See ElyCruikshank Co. v Bank of Montreal, 81 NY2d at 402; Sanchez de Hernandez v Bank of Nova Scotia, 76 AD3d at 930.) Even if respondents’ continued refusal to provide petitioners with the claimed pension entitlements, despite respondents’ subsequent oral assurances to petitioners, does not amount to a continuing breach, and the breach occurred when petitioners’ employment commenced in July 2005, their claims, filed in June 2011, are timely. (CPLR 213 [2].)
IV Equal Treatment under Civil Service Law § 115
Respondent MTA Bus is a subsidiary of respondent MTA, which is a public benefit corporation. (Amended verified petition ¶¶ 5-6; Public Authorities Law §§ 1263 (1) (a), 1266; MTA Bus Non-Union Empls. Rank & File Comm. ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d 256, 258 [SD NY 2012].) Respondents seek dismissal of petitioners’ claim for violation of Civil Service Law § 115 based on the lack of a cognizable claim under that statute. (CPLR 3211 [a] [2], [7].) Respondents maintain that petitioners do not identify any failure by respondents to perform a mandatory duty (CPLR 7803 [1]), and that any such claim is barred by the limitations period of four months in CPLR 217 (1). (CPLR 3211 [a] [5].)
A. The Statute of Limitations
The limitations period of four months does not run until after respondents refuse petitioners’ demand to perform the claimed statutory duty. (CPLR 217 [1]; Matter of Bottom v Goord, 96 NY2d 870, 872 [2001]; Matter of Moskowitz v New York City Police Pension Fund, 82 AD3d 473, 473 [1st Dept 2011]; Matter of Schwartz v Morgenthau, 23 AD3d 231, 233 [1st Dept 2005].) Petitioners commenced this proceeding June 29, 2011, after receiving no response to petitioner Clark’s demand March 22, 2011. Even if respondents’ lack of response may be considered a rejection of that demand, petitioners’ claim for equal pay for equal work under Civil Service Law § 115 is not time barred.
*352 B. Respondents’ Mandatory Duty
In a proceeding pursuant to CPLR 7803 (1) for mandamus to compel the performance of a duty enjoined by law, petitioners must establish an unambiguous legal right to the relief requested. (Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 388 [2006]; New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; Matter of Cohen v Engoron, 72 AD3d 446, 447 [1st Dept 2010].) The performance of the duty petitioners seek to enforce must be non-discretionary, a compulsory adherence to the law, without allowance for the exercise of judgment. (New York Civ. Liberties Union v State of New York, 4 NY3d at 184; Matter of Ozdoba v Chelsea Landmark LIC, LLC, 74 AD3d 555, 556 [1st Dept 2010].)
“Civil Service Law § 115 codifies a critical public policy” of “equal pay for equal work” in public employment. (Matter of Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d 532, 534 [1st Dept 2013].) Although that “principle of equal pay for equal work need not be applied in all cases under any and all circumstances” (Bertoldi v State of New York, 275 AD2d 227, 228 [1st Dept 2000]), the unambiguous implication of just such a limitation is that, in circumstances of a “palpable ... or arbitrary” disparity in compensation “detrimental to the individual or class,” the court “may correct the disparity.” (Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d at 535.) Thus, while the “court need not presume” that a disparity in compensation violates Civil Service Law § 115 (Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d at 535), “no such ‘jurisdictional’ prohibition,” as respondents insist (id. at 534), eliminates the court’s power to apply and enforce the principle of “equal pay for equal work” (Civil Service Law § 115), in favor of persons who invoke it and whom it protects. (Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d at 534.) Otherwise this principle “would become a hollow promise that afforded no remedy for those it was designed to protect.” (Id.)
Although Civil Service Law § 115 is more than a hortatory enunciation of policy and imposes a mandatory statutory duty, it does not protect petitioners. Because MTA and its subsidiaries are a public authority and not a state agency, MTA Bus employees are not civil service employees, who comprise only state employees. (NY Const, art X, § 5; Public Authorities Law § 1263; Schulz v State of New York, 84 NY2d 231, 246 [1994]; *353 Collins v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 361, 365 [1984]; Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth., 19 AD3d 284, 286 [1st Dept 2005]; MTA Bus Non-Union Empls. Rank & File Comm. ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d at 267.) Although Public Authorities Law § 1210 (2) specifically provides that the Civil Service Law nonetheless governs New York City Transit Authority employees, the Public Authorities Law does not include a comparable provision for MTA employees. (See Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d at 533-534.) Instead, Public Authorities Law § 1265 (8) specifically empowers MTA to “appoint such officers and employees as it may require for the performance of its duties, and to fix and determine their qualifications, duties, and compensation.”
In sum, Civil Service Law § 115’s statutory mandate of “equal pay for equal work” protects New York City Transit Authority employees and requires that those public authority employees receive equal compensation. (Public Authorities Law § 1210 [2]; Subway Surface Supervisors Assn. v New York City Tr. Auth., 102 AD3d at 534.) Petitioners, in contrast, allege respondents’ failure to provide them and other MTA Bus nonunion managers equal retirement benefits in the form of a final salary average pension plan to which other MTA nonunion managers are entitled, but the Civil Service Law does not govern these public authority employees. Therefore, even though petitioners may allege an arbitrary disparity in compensation, they fail to plead a claim that respondents violated their mandatory duty under the Civil Service Law. (CPLR 3211 [a] [7].)
V Equal Treatment under the State Constitution
Respondents’ motion does not set forth any grounds for dismissing petitioners’ claim that respondents’ refusal to provide petitioners retirement benefits equal to other nonunion MTA managers violates the Equal Protection Clause, article I, § 11, of the New York Constitution. Only in reply do respondents refer to the grounds set forth by the United States District Court in the related federal action. (MTA Bus Non-Union Empls. Rank & File Comm, ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d 256 [2012].) The court may not consider points presented for the first time in reply, especially when respondents’ initial failure to support dismissal of this claim deprived petitioners of an opportunity to respond. (Sylla v *354 Brickyard Inc., 104 AD3d 605, 606 [1st Dept 2013]; Calcano v Rodriguez, 103 AD3d 490, 491 [1st Dept 2013]; Martinez v Nguyen, 102 AD3d 555, 556 [1st Dept 2013]; JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012].)
The rational bases for respondents’ refusal to provide petitioners retirement benefits equal to other nonunion MTA managers set forth in the federal action, moreover, are not part of the record in this proceeding and are contradicted by the amended petition. The first basis is cost savings. (MTA Bus Non-Union Empls. Rank & File Comm. ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d at 261.) Yet even in the record in the federal action, the cost savings were negligible, $255,000 per year for 14 individuals, compared to MTA’s annual budget. (Id. at 260.) This or a higher cost of course would be saved by limiting benefits equally among all nonunion managers performing the same duties.
The second basis is that the continuation of the same pension benefits petitioners received from their former employers protects petitioners’ expectations. Here, however, petitioners allege that their expectation was not that they would receive only what they received from their former employers. Petitioners accepted employment with respondents in reliance on the expectation that petitioners would receive the same benefits, including retirement benefits, that other nonunion employees performing the same duties for MTA, not petitioners’ former employers, received. Although the federal district court implies that the expectation petitioners allege here would “not make much sense, because there were and are many different pension plans” among MTA employees, petitioners here claim different treatment only in comparison to other nonunion MTA employees performing the same duties. (Id. at 266.)
Petitioners, on the other hand, may point to irrationalities in respondents’ refusal to provide petitioners retirement benefits equal to other nonunion MTA managers, even in the record of the federal action. The pension benefits for nonunion managers are less than for the employees they manage, which MTA Bus’s top officials have found “is not an effective pension policy.” (Id. at 259; see amended verified petition ¶ 107.) Pension benefits are based on neither past nor current employment duties or performance. Petitioners thus plead a claim that respondents *355 lack any basis rationally related to a legitimate governmental interest for paying petitioners less compensation than respondents pay to other managers performing the same duties in the same locality, in violation of article I, § 11, of the New York Constitution. (CPLR 3211 [a] [7]; e.g. Matter of Graves v Doar, 87 AD3d 740, 742-743 [2d Dept 2011]; Matter of Weiner v Board of Assessors &/or Assessor of Town/Vil. of Harrison, 69 AD3d 949, 950 [2d Dept 2010]; Supreme Assoc., LLC v Suozzi, 65 AD3d 1219, 1220-1221 [2d Dept 2009].)
VI. The Absence of Any Other Mandatory Duty
Petitioners do not specifically seek to compel respondents to perform any mandatory duty other than to provide all MTA Bus nonunion managers equal retirement benefits. Liberally construing the amended petition in petitioners’ favor, it raises an inference that petitioners seek to compel a response to Clark’s and any other petitioner’s demands for equal treatment and enrollment in a final average salary pension as respondents had promised. The direct effect of petitioners’ retirement benefits on their continued acceptance of employment at MTA Bus and on their current planning for their retirement warrants a response, to be sure.
Nevertheless, petitioners do not identify, and the court does not ascertain, any mandatory duty imposed on respondents to respond to petitioners’ demands. (New York Civ. Liberties Union v State of New York, 4 NY3d at 184; Matter of Ozdoba v Chelsea Landmark LIC, LLC, 74 AD3d at 556.) The justification for such a response relates only to the ripeness of this proceeding and whether respondents’ silence shows any rational basis for denying petitioners equal retirement benefits.
VII. The Application of Res Judicata to Petitioner Provetto
Petitioner Provetto was a plaintiff in a federal court action against the same parties that are respondents in this proceeding. (MTA Bus Non-Union Empls. Rank & File Comm. ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d 256 [2012], affd 547 Fed Appx 12 [2d Cir, Oct. 8, 2013].) The federal court action involved the same claims and relief as this proceeding. Although respondents seek dismissal of Provetto’s claims under the Equal Protection Clause of the New York Constitution and Civil Service Law § 115 in this proceeding as barred by collateral estoppel, because this proceeding and the federal court action involve the same parties as well as the same claims, res *356 judicata, rather than collateral estoppel applies. (CPLR 3211 [a] [5].)
A judgment on the merits, by a court of competent jurisdiction, necessarily decided in a prior action between the same parties, and conclusive on issues of fact and law, operates as res judicata, barring those parties from relitigating the same issues of fact and law. (Matter of Josey v Goord, 9 NY3d 386, 389 [2007]; IDT Corp. v Tyco Group, S.A.R.L., 104 AD3d at 178; Gomez v Brill Sec., Inc., 95 AD3d 32, 35 [1st Dept 2012].) In the federal action, the United States District Court for the Southern District of New York, interpreting New York law, held that Civil Service Law § 115 does not apply to the plaintiffs, who include Provetto, and who are not civil service employees. (MTA Bus Non-Union Empls. Rank & File Comm. ex rel. Simone v Metropolitan Transp. Auth., 899 F Supp 2d at 267.) The federal court granted the defendants, respondents in this proceeding, summary judgment dismissing the plaintiffs’ state constitutional equal protection claim (id. at 264), and breach of contract claims based on written offers that differed from the offer to Clark (id. at 266-267), and on the MTA Defined Benefit Plan itself, and not based on any oral promises. (Id. at 265.) Because the Federal District Court, exercising its supplemental jurisdiction, issued a decision on the merits against Provetto on his claims in this proceeding, res judicata bars him from relitigating those same claims against respondents here. (Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 95-96 [1st Dept 2013]; U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 105 AD3d 639, 640 [1st Dept 2013]; PJA Assoc. Inc. v India House, Inc., 99 AD3d 623, 624 [1st Dept 2012].)
VIII. Disposition
For the foregoing reasons, the court grants respondents’ motion to dismiss petitioners’ claims only to the extent of dismissing petitioner Provetto’s claims based on res judicata (CPLR 3211 [a] [5]), and the remaining petitioners’ claims under Civil Service Law § 115. The court otherwise denies respondents’ motion to dismiss petitioners’ claims (CPLR 3211 [a] [2], [5], [7]), and converts the remainder of this proceeding to a plenary action. (CPLR 103 [b], [c].) It shall bear the following caption:
*357 SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK: IAS PART 46
_x
R. THURSTON CLARK and all similarly situated non-represented managers of the MTA Bus Company, JOHN DOES 1 through 170,
Plaintiffs
Index No. 107588/2011
- against -
METROPOLITAN TRANSPORTATION AUTHORITY, MTA BUS COMPANY, and JAY H. WALDER,
Chairperson of the Metropolitan Transportation Authority,
Defendants
_x