Barrett Japaning, Inc. v Bialobroda (2021 NY Slip Op 00248)





Barrett Japaning, Inc. v Bialobroda


2021 NY Slip Op 00248


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 105944/11 150031/17 Appeal No. 12896-12897-12897A Case No. 2019-04299 2019-3793 

[*1]Barrett Japaning, Inc., Plaintiff-Appellant,
v
Anna Bialobroda, Defendant-Respondent.
In the of Matter of Barrett Japaning, Inc., Petitioner-Appellant,
v
New York City Loft Board et al., Respondents-Respondents.


Zane and Rudofsky, Melville (Edward S. Rudofsky of counsel), for appellant.
Anna Bialobroda, respondent pro se.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for New York City Loft Board, respondent.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 17, 2019, dismissing the action, and bringing up for review an order, same court and Justice, entered January 12, 2017, which granted defendant's CPLR 3211 motion to the extent of dismissing the amended complaint's first cause of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 3, 2019, which granted defendant's motion for summary judgment dismissing the amended complaint's second and third causes of action, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Judgment, Supreme Court, New York County (Debra A. James, J.), entered April 19, 2019, denying petitioner Barrett Japaning, Inc.'s (Barrett) petition to annul an order of respondent New York City Loft Board, dated November 17, 2016, which denied Barrett's application for reconsideration of a Loft Board order, dated April 21, 2016, which declared the subject building to be an interim multiple dwelling under the Multiple Dwelling Law, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
First, in the appeal from the dismissal of the article 78 proceeding, the Loft Board's determination was rational and not arbitrary and capricious or contrary to law or procedure (see generally Matter of Kaufman v Anker, 42 NY2d 835, 836-837 [1977]). All of Barrett's attempts to file its reconsideration application were either by improper means, incomplete, or untimely. The Loft Board's construction of its rules as requiring that reconsideration applications be filed by mail or hand delivery is rational and entitled to deference (see Shih v Waterfront Commn. of N.Y., 83 AD3d 564, 565 [1st Dept 2011], lv denied 18 NY3d 804 [2012]; Matter of 902 Assoc. v New York City Loft Bd., 229 AD2d 351, 352 [1st Dept 1996]). The Board properly adhered to the letter of its prescribed procedural rules (see Matter of ACME Bus Corp. v Orange County, 28 NY3d 417, 425 [2016]), and is not bound by any "administrative error" on the part of its staff in its acceptance of Barrett's noncompliant filings (Matter of Beck v Walker, 286 AD2d 996, 996 [4th Dept 2001]).
In the appeal from the July 17, 2019 judgment, the motion court properly granted defendant Anna Bialobroda's motion for summary judgment dismissing the amended complaint's second cause of action. The lack of a certificate of occupancy (CO) for the Building precludes Barrett from seeking to recover rent or use and occupancy for Bialobroda's units (see Multiple Dwelling Law §§ 301[1], 302[1][a]-[b]; Jo-Fra Props., Inc. v Bobbe, 81 AD3d 29, 33 [1st Dept 2010], lv dismissed 17 NY3d 933 [2011]; 640 Broadway Renaissance Co. v Eisner, 212 AD2d 376 [1st Dept 1995], lv dismissed 86 NY2d 837 [1995], cert denied 517 US 1155 [1996]). The motion court likewise properly dismissed the third cause of action for "windfall profits," as the lack of a CO again bars Barrett from seeking [*2]to recoup the monies which Bialobroda received by subletting her premises, in violation of the proprietary leases, in order to prevent her from being unjustly enriched. The Multiple Dwelling Law and accompanying public policy simply bar Barrett from collecting monies from Bialobroda for her use of the premises, in this case by subletting. It is true that the same law and policy would apply to bar Bialobroda herself from collecting rent from her subtenants, but the remedy then belongs to those subtenants, to refuse to pay the subrent, and not to Barrett (see Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619, 619-620 [1st Dept 2018]). Our decision in Theatre Row Phase II Assoc. v National Rec. Studios (291 AD2d 172 [1st Dept 2002], appeal dismissed 98 NY2d 693 [2002]), is distinguishable because, among other things, it involved a commercial lease, commercial tenant, and commercial subtenants, was not a residential case, and had no CO defect. The special proscriptions and policy considerations flowing from Multiple Dwelling Law § 302 simply did not apply.
The motion court likewise properly granted defendant's earlier CPLR 3211 motion to dismiss the amended complaint's first cause of action seeking legal fees incurred in earlier litigations with Bialobroda (see O'Connell v 1205-15 First Ave. Assoc., LLC, 28 AD3d 233, 234 [1st Dept 2006]).
We have considered Barrett's remaining contentions in both appeals, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021