Matter of Plekhanov v New York City Dept. of Hous. Preserv. & Dev. (2022 NY Slip Op 01750)





Matter of Plekhanov v New York City Dept. of Hous. Preserv. & Dev.


2022 NY Slip Op 01750


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 100164/19 Appeal No. 15523 Case No. 2019-05079 

[*1]In the Matter of Marguerite F. Plekhanov, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Marguerite F. Plekhanov, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered May 14, 2019, denying the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated November 9, 2018, which denied petitioner's challenge to a housing developer's determination that her income exceeded the maximum for eligibility to rent a low-income housing unit, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The finding that petitioner was ineligible for a low-income housing unit was not arbitrary and capricious and did not violate lawful procedure (CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). In reviewing the developer's calculations, annualizing petitioner's wage-based income, and utilizing the average historical self-employment income based on petitioner's prior two years' tax returns, HPD followed its Marketing Handbook, which, among other things, directs usage of the higher of historical or projected self-employment unless there is an apparent pattern or trend to support using a lower amount (see 28 RCNY 41-02[c][1]). While petitioner contests HPD's choice of methods, "[a]n agency has broad power to construe and interpret its own rules, and its interpretation must be upheld where, as here, it is rational" (Shih v Waterfront Commn. of N.Y., 83 AD3d 564, 565 [1st Dept 2011], lv denied 18 NY3d 804 [2012]). For the same reason, petitioner's argument that the developer wrongfully declined to take copies of her self-employment payments received during the current year, where the Marketing Handbook required submission of a tax preparer's statement or a notarized self-statement of projected income, is unavailing. Nor was Supreme Court authorized to consider new tax returns that petitioner submitted with her reply, in further support of the petition, since "judicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000] [internal quotation marks omitted]).
Contrary to petitioner's contention, due process did not require a quasi-judicial evidentiary hearing, as the record shows that she was given the "opportunity to be heard in a meaningful manner at a meaningful time" (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]). Nor is a writ of mandamus to compel appropriate, since the Marketing Handbook allows discretion in determining which proffered income amounts are the most accurate in a given situation, and the U.S. Department of Housing and Urban Development's Occupancy Handbook expressly authorizes the developer's "reasonable judgment as to the most reliable approach to estimating what [the] tenant will receive in income during the year" (Matter of Ozdoba v Chelsea Landmark LIC[*2], LLC, 74 AD3d 555, 556 [1st Dept 2010]; see CPLR 7803[1]; Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018], cert denied _ US _ , 139 S Ct 2651 [2019]).
As for petitioner's contention that she was discriminated against based on her source of income, she waived any claim for a violation of the New York City Human Rights Law by failing to assert it in the petition (Matter of Cocozzo v Ward, 162 AD2d 202, 203 [1st Dept 1990]). Regardless, the record demonstrates that petitioner's application was denied because her income was above the limit, not "because of any lawful source of income" (Administrative Code of City of NY § 8-107[5][a][1]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022