■ ANTHONY DADICH, Respondent, v ILANA KNITTING, INC., et al., Appellants, et al., Defendant. [618 NYS2d 69] —In an action, *inter alia,* to recover damages for breach of a lease, the defendants Ilana Knitting, Inc., Jean Fashions, Inc., and Jean Liang appeal from so much of an order of the Supreme Court, Queens County (Milano, J.), dated January 28, 1993, as denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the appellants' cross motion for summary judgment is granted, and the complaint is dismissed insofar as it is asserted against them.

The plaintiff alleged in his complaint that the appellants Jean Fashions, Inc. (hereinafter Jean Fashions), and Ilana Knitting, Inc. (hereinafter Ilana), were liable to him for rent payments due under the terms of a five-year lease. We find that the complaint should have been dismissed as to Jeans Fashions since a purported assignment of the lease to it by Ilana was not in writing and therefore was void under the Statute of Frauds *(see, Geraci v Jenrette,* 41 NY2d 660; *Otiniano v Magier,* 181 AD2d 438; General Obligations Law § 5-703 [1], [2]). In addition, we conclude that Ilana submitted sufficient evidence to establish the defense that its surrender of the lease was accepted by the plaintiff *(see, e.g., Centurian Dev. v Kenford Co.,* 60 AD2d 96). In view of the plaintiff's failure to dispute this evidence, there are no triable issues of fact, and summary judgment dismissing the complaint against Ilana should have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

Finally, the complaint should have been dismissed as to the appellant Jean Liang as the plaintiff's allegations failed to establish a cause of action against her. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.