■ GRAHAM MORRIS, Respondent-Appellant, v PUTNAM BERKLEY, INC., Appellant-Respondent. [687 NYS2d 139] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 8, 1998, which granted defendant's motion for summary judgment only to the extent of dismissing plaintiff's second and third causes of action for fraudulent inducement and negligent misrepresentation, respectively, unanimously affirmed, without costs.

We agree with the IAS Court that factual issues remain as to whether defendant breached its contract with plaintiff by failing to market or distribute the CD-ROM it hired plaintiff to create. Since the contract called for plaintiff to be compensated,

in large measure, by royalties from sales of the subject software, the court properly found an implied promise on defendant's part to use its best efforts to promote the software, and, accordingly, that defendant's decision not to market or distribute the CD-ROM could constitute a breach of an implied covenant of good faith and fair dealing (*see, Wood v Duff-Gordon*, 222 NY 88, 91; *Mellencamp v Riva Music,* 698 F Supp 1154). We note, in addition, that, contrary to defendant's contention, plaintiff's breach of contract claim is not preempted since the implied promise constitutes an extra element removing the claim from the ambit of the Federal copyright act (*see, Taquino v Teledyne Monarch Rubber*, 893 F2d 1488, 1501; *A. Brod, Inc. v SK&I Co.*, 998 F Supp 314, 321). Nor can it be said, at this point, that plaintiff's damages are so speculative as to warrant dismissal of the breach of contract claim. The damages plaintiff alleges were foreseeable, and although he may not in the end be able to prove them with reasonable certainty, a determination to that effect at this juncture would be premature (*see, Ashland Mgt. v Janien*, 82 NY2d 395).

With respect to plaintiff's cross appeal, the IAS Court properly dismissed the fraudulent inducement and negligent misrepresentation causes of action since the only fraud charged relates to the alleged contract breach and since the special relationship required for the negligent misrepresentation claim is absent (*Alamo Contract Bldrs. v CTF Hotel Co.*, 242 AD2d 643, 644). Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.