■ TRAVELERS INSURANCE COMPANY, Respondent, v MARVIN MEYER, Respondent, and JOHN A. ZUBAK, Appellant. [699 NYS2d 693] —Orders, Supreme Court, New York County (Ira Gammer-

man, J.), entered April 8, 1999, which, in an action to dissolve a partnership, dissolved the partnership, referred the matter to a Referee for an accounting and distribution of partnership assets, and dismissed defendant-appellant's counterclaims and cross claims against plaintiff and defendant-respondent for breach of fiduciary duty and gross negligence without prejudice to their interposition before the Referee within the framework of the accounting, unanimously affirmed, with costs.

Appellant's counterclaims and cross claims against his partners were properly dismissed without prejudice. "It is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts." (*Kriegsman v Kraus, Ostreicher & Co.*, 126 AD2d 489, 490.) Appellant's claims do not fall within the stated exception (*supra*). We have considered appellant's remaining contentions and find them unavailing. Concur—Ellerin, P. J., Tom, Rubin, Andrias and Buckley, JJ.