■ SOUND COMMUNICATIONS, INC., Respondent, v RACK AND ROLL, INC., et al., Appellants. [930 NYS2d 577]—

Plaintiff sues to recover fees due under an oral agreement for services rendered in the advertisement of a product known as the "Rack and Roll Paper Towel Storage Holder." All of plaintiff's underlying invoices, which are annexed to the complaint, are addressed to defendant Rack and Roll, LLC only. Therefore, the complaint fails to state an account stated cause of action against the moving defendants (*see e.g. Roth Law Firm, PLLC v Sands*, 82 AD3d 675, 676 [2011]).

Plaintiff also failed to state a fraud cause of action against the moving defendants. Plaintiff essentially alleges that defendants never intended to honor a promise to pay plaintiff's fees. "It is

well settled that a cause of action for fraud will not arise when the only fraud charged relates to a breach of contract" (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988] [citation omitted]). Plaintiff's negligent misrepresentation cause of action should have been similarly dismissed because this claim also relates to an alleged contract and there is no allegation of a special relationship between plaintiff and the moving defendants (*see Morris v Putnam Berkley, Inc.*, 259 AD2d 425, 426 [1999]). Defendants have also made a prima facie showing that the Wolfsons did not contract with plaintiff as individuals or on behalf of Premier. The moving defendants were therefore entitled to judgment as a matter of law and plaintiffs conclusory assertions were insufficient to defeat summary judgment with respect to the contract and unjust enrichment claims (*see Spaulding v Benenati*, 57 NY2d 418, 425 [1982]).

Plaintiff's argument that defendants' original answer, which was verified by counsel, contains admissions is also unavailing. The assertions in the pleading were made "upon information and belief" and do not constitute formal or informal judicial admissions (*see Scolite Intl. Corp. v Vincent J. Smith, Inc.*, 68 AD2d 417, 421 [1979]).

The court should also have rejected plaintiff's attempt to pierce Rack and Roll's corporate veil. "The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]). The complaint merely alleges that Rack and Roll functioned as the moving defendants' alter ego. It is not sufficiently alleged that Rack and Roll's status as a limited liability company was used to commit a fraud against plaintiff (*see e.g. Albstein v Elany Contr. Corp.*, 30 AD3d 210 [2006], *lv denied* 7 NY3d 712 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Renwick, DeGrasse, and Abdus-Salaam JJ.