■ RED OAK FUND, L.P., Respondent, v MACKENZIE PARTNERS, INC., Appellant. [934 NYS2d 401]—

The complaint alleges that plaintiff orally retained defendant to provide proxy solicitation and other related services in connection with its proxy contest involving nonparty CLST Holdings, Inc., and that it requested that defendant send the notice of annual meeting to all CLST shareholders but that defendant only sent the notice to some of the shareholders, thereby requiring the cancellation of the annual meeting, damaging the value of plaintiff's stock and causing other related damages contemplated by the parties.

Affording the complaint a liberal construction and according plaintiff the benefit of every possible inference, as we must on a motion to dismiss (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), plaintiff sufficiently pleaded the breach of contract cause of action. The documentary evidence submitted on the motion does not conclusively establish a defense to the claim. Indeed, the affidavits submitted by defendant "do no more than assert the inaccuracy of plaintiff['s] allegations . . . and do not otherwise conclusively establish a defense to the asserted claims as a matter of law" (*Tsimerman v Janoff*, 40 AD3d 242 [2007]). Similarly, the e-mails and other documentary evidence do not conclusively establish the terms of the parties' oral contract.

Defendant's claim that it understood the oral agreement, and the parties' various e-mail exchanges, to require it only to mail the notice of annual meeting to Street Holders of CLST's stock, is insufficient to warrant dismissal of the breach of contract cause of action. Indeed, the parties' different interpretations need to be considered at trial where their credibility can be weighed. Defendant's claim that there was no meeting of the minds regarding the mailing of the notice is merely another way of disputing plaintiff's allegations regarding the parties' agreement. Defendant's contention that plaintiff improperly modified the parties' oral agreement by requesting it to mail the notice also fails, since it assumes that the agreement did not include the task of mailing the notice.

Supreme Court properly declined to dismiss plaintiff's request for consequential damages, as the complaint sufficiently alleges that the consequential damages plaintiff seeks were contemplated by the parties at the time of contracting (see *Banco Popular N. Am. v Lieberman*, 75 AD3d 460, 462-463 [2010]). Al-

though plaintiff may not in the end be able to prove its damages with reasonable certainty, "a determination to that effect at this juncture would be premature" (*Morris v Putnam Berkley, Inc.*, 259 AD2d 425, 426 [1999]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Freedman, Richter and Manzanet-Daniels, JJ.