■ ARKIN KAPLAN RICE LLP et al., Appellants, v HOWARD J. KAPLAN et al., Respondents, et al., Nominal Defendant. [27 NYS3d 865]—

Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 29, 2015 and January 30, 2015, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment and granted summary judgment to defendants to the extent of determining that defendants Kaplan and Rice were equity partners in plaintiff Arkin Kaplan Rice LLP (AKR), a dissolved firm, and dismissing all causes of action except the cause of action for an accounting, unanimously affirmed, with costs.

In an earlier appeal in this case, we concluded that defendants Kaplan and Rice were partners of AKR pursuant to section 71 of the Partnership Law, but that they were not liable for any post-dissolution liabilities, including as partners of AKR, under the specific language of the sublease at issue (*Arkin Kaplan Rice LLP v Kaplan*, 120 AD3d 422 [1st Dept 2014]). The IAS Court correctly determined that this decision, premised on the fundamental understanding that Kaplan and Rice were in fact equity partners of AKR, is law of the case, and is not subject to review (*Kenney v City of New York*, 74 AD3d 630 [1st Dept 2010]).

The IAS Court also properly dismissed the remainder of plaintiffs' claims based on the well-established principle that one partner may not sue another partner until a partnership accounting is concluded, except where "the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts" (*Travelers Ins. Co. v Meyer*, 267 AD2d 124, 125 [1st Dept 1999]). Plaintiffs have failed to show that this exception applies.

We have considered plaintiffs' remaining arguments and defendants' request for sanctions, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.