■ ANDREW SASSON et al., Respondents, v TLG ACQUISITION LLC et al., Appellants. [51 NYS3d 869]—

Judgment, Supreme Court, New York County (Eileen A.

Rakower, J.), entered on July 6, 2016, in favor of plaintiffs, affirmed, without costs. Appeals from orders, same court and Justice, entered February 29 and March 10, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment and awarded plaintiffs attorneys's fees, dismissed, without costs, as subsumed in the appeal from the judgment.

The issue of the definition of the disputed term was expressly decided adversely to defendants by this Court in the prior appeal (127 AD3d 480 [1st Dept 2015]), and there is no basis for re-examination of this Court's prior decision, which is law of the case. Therefore, in granting summary judgment to plaintiffs, the motion court correctly determined that it was bound by this Court's prior decision (*see e.g. Arkin Kaplan Rice LLP v Kaplan*, 138 AD3d 415 [1st Dept 2016]).

The court properly awarded attorneys' fees to plaintiffs pursuant to the terms of the parties' transactional documents, and we perceive no basis to disturb the court's calculations of interest due to plaintiffs.

We have considered defendants' remaining arguments and find them unavailing. Concur—Feinman, Gische and Gesmer, JJ.

Friedman, J.P., and Richter, J., concur in a separate memorandum by Richter, J., as follows: In the prior appeal, I joined the concurring opinion which concluded that because the provision in question is reasonably susceptible of more than one interpretation, its meaning may not properly be determined as a matter of law (127 AD3d 480, 484 [1st Dept 2015]). Although I continue to believe the disputed term is ambiguous, I recognize that that issue was expressly decided adversely to defendants, and thus is law of the case warranting summary judgment in plaintiffs' favor.