■ Jose Cerrato et al., Appellants, v Dee Corporation et al., Defendants, and Sharon Hakmon et al., Respondents. [56 NYS3d 30]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 28, 2015, which granted the individual defendants' motion for summary judgment dismissing the action as against them, unanimously affirmed, without costs.

This action alleges negligence in, inter alia, the architectural design and construction of plaintiffs' new 3-family home. The

individual defendants established prima facie entitlement to summary judgment by submitting documentary evidence, deposition testimony, and affidavits that demonstrated that they acted in a representative capacity as agents of corporate entities that served legitimate business purposes, and that stated that defendants did not contract with plaintiffs purchasers in their personal capacities (*see generally Sound Communications, Inc. v Rack & Roll, Inc.*, 88 AD3d 523 [1st Dept 2011]; *Brito v DILP Corp.*, 282 AD2d 320 [1st Dept 2001]).

The burden shifted to plaintiffs, who did not demonstrate that defendants dominated the corporate entities they represented by, inter alia, ignoring corporate formalities and engaging in self-dealing in order to perpetuate a fraud or wrong against plaintiffs (*see TIAA Global Invs., LLC v One Astoria Sq. LLC*, 127 AD3d 75, 90 [1st Dept 2015]; *Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC*, 146 AD3d 1, 12-13 [1st Dept 2016]). The record lacks evidence to suggest that either individual defendant dominated the corporation he represented, thus undermining plaintiffs request to pierce the corporate veil (*see Baby Phat Holding Co., LLC v Kellwood Co.*, 123 AD3d 405, 407 [1st Dept 2014]).

Further, insofar as a contractual relationship between the nonparty architectural corporation and plaintiffs was lacking, we find unavailing plaintiffs' contention that they submitted facts to raise a triable issue that they had a near privity relationship with the individual defendant architect who allegedly self-certified the construction work to the local building department in order to secure a temporary certificate of occupancy. Plaintiffs did not offer evidence as would raise a triable issue that the architect knew or could have known that plaintiffs were involved with the property and were relying upon his alleged certified statements that pertained to the building construction (*see Sykes v RFD Third Ave. 1 Assoc., LLC*, 67 AD3d 162, 165-166 [1st Dept 2009], *affd* 15 NY3d 370 [2010]; *North Star Contr. Corp. v MTA Capital Constr. Co.*, 120 AD3d 1066, 1069-1071 [1st Dept 2014]). Concur—Friedman, J.P., Richter, Moskowitz, Gische and Kapnick, JJ.