Kaplan v Ladenburg Thalmann & Co., Inc. (2019 NY Slip Op 02164)





Kaplan v Ladenburg Thalmann & Co., Inc.


2019 NY Slip Op 02164


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8762 656188/16

[*1]Howard J. Kaplan, et al., Plaintiffs-Appellants,
v
Ladenburg Thalmann & Co., Inc., et al., Defendants-Respondents, Signature Bank, Defendant. Stanley S. Arkin, et al., Intervenor Defendants-Respondents.


Kaplan Rice LLP, New York (Michelle A. Rice of counsel), for appellants.
Philip S. Ross P.C., New York (Philip S. Ross of counsel), for Ladenburg Thalmann & Co., Inc., Howard M. Lorber and Richard J. Lampen, respondents.
Schulte Roth & Zabel LLP, New York (Michael L. Cook of counsel), for Stanley S. Arkin and Arkin Kaplan Rice LLP, respondents.



Appeal from order, Supreme Court, New York County (Andrea Masley, J.), entered on or about October 19, 2017, which, inter alia, granted defendants Ladenburg Thalmann & Co., Inc., Howard M. Lorber and Richard J. Lampen's and intervenor defendants Stanley S. Arkin and Arkin Kaplan Rice LLP's motions to dismiss the complaint as against them, deemed an appeal from the judgment, same court and Justice, entered November 20, 2017 (CPLR 5520[c]), dismissing the complaint as against said defendants and intervenors, and, so considered, said judgment unanimously affirmed, with costs.
The complaint fails to state a cause of action. Plaintiffs do not identify any provision in the lease that was breached by their former landlord, defendant Ladenburg Thalmann & Co., Inc. (see Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23 [1st Dept 2017]). Nor does the draw-down on the letter of credit — the method by which the lease provided for the rent to be collected — constitute a fraudulent conveyance, conversion, or an act in furtherance of aiding and abetting a breach of fiduciary duty (see Ladenburg Thalmann & Co. Inc. v Signature Bank, 128 AD3d 36, 45 [1st Dept 2015]). In view of the foregoing, the declaratory judgment and tortious interference claims also fail.
Plaintiffs' argument that our prior orders enjoined the payment of rent from intervenor Arkin Kaplan Rice LLP accounts and barred the landlord from enforcing the lease's obligation against the firm are without merit, and the distribution of partnership shares among plaintiffs and their former partners will be determined in that related action (see Arkin Kaplan Rice LLP v [*2]Kaplan, 138 AD3d 415 [1st Dept 2016]; Arkin Kaplan Rice LLP v Kaplan, 120 AD3d 422 [1st Dept 2014]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK