Arkin Kaplan Rice LLP v Kaplan (2021 NY Slip Op 06318)





Arkin Kaplan Rice LLP v Kaplan


2021 NY Slip Op 06318


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 652316/12 Appeal No. 14620-14621-14622-14623 Case No. 2018-3496 2020-02522 2020-02479 2020-04875 

[*1]Arkin Kaplan Rice LLP et al., Plaintiffs-Appellants,
v
Howard Kaplan et al., Defendants-Respondents. 


Kaplan Rice LLP, New York (Howard J. Kaplan of counsel), for Howard Kaplan, Michelle Rice and Kaplan Rice, LLP, appellants/respondents.
Schulte Roth & Zabel LLP, New York (Michael L. Cook of counsel), for Arkin Kaplan Rice LLP and Stanley S. Arkin, respondents/appellants.
Arkin Solbakken LLP, New York (Robert Angelillo of counsel), for Lisa C. Solbakken, respondent.



Orders, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 15, 2018, April 13, 2020, and December 3, 2020, which made determinations regarding the parties' rights and obligations arising from the dissolution of their law firm, unanimously affirmed, without costs.
Contrary to plaintiffs' arguments, there is no basis to disturb the court's determinations contained in its order confirming the Referee's decision, its findings in its decision after trial on the accounting claim, or its denial of plaintiffs' motion to renew the decision after trial. Primarily, the court properly determined that after defendants Kaplan and Rice withdrew from the law firm, Arkin was solely responsible for post-dissolution rent (see Arkin Kaplan Rice LLP v Kaplan, 138 AD3d 415 [1st Dept 2016]; Arkin Kaplan Rice LLP v Kaplan, 120 AD3d 422 [1st Dept 2014]). Similarly, the court properly determined that Arkin was required to reimburse the law firm for a drawdown of the firm's letter of credit covering post-dissolution rent. The court also correctly imposed certain expenses on Arkin that were not attributable to the firm's winding-up.
Defendants' arguments concerning the court's decision after trial are unavailing. There is no reason to disturb the court's determination of the partners' profit share allocations. Since the court found that an agreement existed between the partners as to how to allocate profits, Partnership Law § 40 was inapplicable (see Liddle, Robinson & Shoemaker v Shoemaker, 309 AD2d 688, 690 [1st Dept 2003]). The record also supports the court's determination that Solbakken was an equity partner as of the date of dissolution. Finally, the court did not err in its treatment of the firm's noncash assets.
We have considered the parties' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021