885 3rd Ave. Realty Owners LLC v Alden Global Capital LLC (2022 NY Slip Op 06736)

885 3rd Ave. Realty Owners LLC v Alden Global Capital LLC

2022 NY Slip Op 06736

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 651297/21 Appeal No. 16731 Case No. 2022-00601 

[*1]885 3rd Avenue Realty Owners LLC, Plaintiff-Respondent,
v
Alden Global Capital LLC, Defendant-Appellant.

Dechert LLP, New York (Gary J. Mennitt of counsel), for appellant.
Cyruli Shanks & Zizmor LLP, New York (James E. Schwartz of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered January 21, 2022, which, to the extent appealed from, denied defendant's motion to dismiss the first cause of action for unpaid rent and second cause of action for a declaration that defendant is liable for ongoing damages if plaintiff is unable to relet the premises, unanimously affirmed, with costs.
The court properly denied defendant's motion to dismiss the first and second causes of action on the ground that plaintiff had stated a claim for use and occupancy under a quantum meruit theory, in view of the allegations that defendant had occupied the premises since 2017 and failed to pay rent from April 2020 until it vacated the premises in January 2021 (see Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510, 511 [1st Dept 2015]). The fact that the complaint did not assert this quasi-contract claim as a separate cause of action is immaterial, as the sole criterion in reviewing a CPLR 3211 (a) (7) motion to dismiss is whether, from the four corners of the pleading, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
Even considering the parties' contentions, denial of the motion would have been proper. The ambiguous provisions of the relevant lease agreements raise an issue of fact as to whether defendant and the primary tenant, when entering into the 2016 sublease, which incorporated by reference the prior underlying leases dating back to the original 1995 lease, intended for the automatic attornment clause in section 6.01 (a) of the 1995 lease to apply to the sublease, so as to automatically render defendant a tenant of plaintiff upon the cancelation of the 2007 underlying lease by the primary tenant without any further attornment agreements by defendant.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022