Innerworkings, Inc. v Arik Eshel CPA & Assoc. P.C. (2024 NY Slip Op 00972)

Innerworkings, Inc. v Arik Eshel CPA & Assoc. P.C.

2024 NY Slip Op 00972

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 150759/12 Appeal No. 1763 Case No. 2023-00254 

[*1]Innerworkings, Inc., Plaintiff-Respondent-Appellant,
v
Arik Eshel CPA & Assoc. P.C. et. al., Defendants-Appellants-Respondents, AE & MG Holdings Inc., et al., Defendants, Moshe Greenwald, Defendant-Respondent-Appellant.

Grossman LLP, New York (Webster McBride of counsel), for appellants-respondents.
DLA Piper LLP (US), New York (Robert C. Santoro of counsel), for Inner Workings, Inc., respondent-appellant.
Kranjac Tripodi & Partners LLP, New York (Joseph Tripodi of counsel), for Moshe Greenwald, respondent-appellant.

Order, Supreme Court, New York County (Laurence Love, J.), entered July 12, 2022, which, insofar as appealed from, denied plaintiff Innerworkings Inc.'s motion for summary judgment on its claims asserted in the second amended complaint against defendants Arik Eshel, Arik Eshel CPA & Assoc., P.C., Arik Eshel Corp., and Eshel, Aminov & Partners, LLP Certified Public Accountants (EAP) (collectively the Eshel defendants) and Moshe Greenwald; denied the motion of the Eshel defendants for summary judgment dismissing plaintiff's claims against them on counts 2-5 and 8-10 and dismissing defendant Greenwald's cross-claims asserted against Eshel individually and for forgery asserted against the Eshel defendants; and denied defendant Greenwald's motion for summary judgment dismissing plaintiff's claims against him individually and the Eshel defendant's cross-claims for indemnification and contribution against him, unanimously modified, on the law, to the extent of granting summary judgment dismissing counts 2-5, and 9-10 against all defendants; all counts as asserted against EAP; count 8 as asserted against Greenwald and Eshel individually; the Eshel cross-claim against Greenwald for contribution; the Greenwald cross-claims asserted against Eshel individually, and the cross-claim for forgery as against all the Eshel defendants, and to the extent of holding that liability under the sublease does not extend to real estate taxes; and otherwise affirmed, without costs. The clerk is directed to enter judgment dismissing the second amended complaint and all cross-claims as against EAP, Greenwald individually, and Eshel individually.
The court erred in declining to award summary judgment dismissing plaintiff's oral assignment of sublease/breach of contract claims against defendants Arik Eshel CPA & Assoc., P.C., Arik Eshel Corp., and EAP (counts 3-5). An oral assignment of the sublease here would have to satisfy the statute of frauds, which requires the assignment of such a sublease (for more than one year) to be in writing (see General Obligations Law § 5-703[2]; Nelson Bagel Bakery Co. v Moshcorn Realty Corp., 289 AD2d 69 [1st Dept 2001]; Dadich v Ilana Knitting, 208 AD2d 792, 793 [2d Dept 1994]). Although, in the absence of a written assignment, a presumption of "assignment by operation of law" sufficient to satisfy the statute of frauds may be created by a "tenant in possession" paying rent (see Salvatore R. Beltrone Marital Trust II v Lavelle & Finn, LLP, 22 AD3d 936 [3d Dept 2005]), such as where a tenant pays the full rent for some extended period of time (see Arkin Kaplan Rice LLP v Kaplan, 120 AD3d 422 [1st Dept 2014]), no such presumption applies in the circumstances here. The terms of the sublease allowed for a sublease/occupation but expressly forbade oral assignments and included a "no waiver" clause, and the occupancy and payments by Eshel entities here was not conduct "unequivocally referrable" to any purported agreement by the parties to orally modify [*2]the no oral assignment term (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568 [1st Dept 2016], lv denied 28 NY3d 1024 [2016]).
The court also erred in declining to dismiss the second cause of action seeking to hold the Eshel defendants liable for breach of contract, and defendant Greenwald individually liable, by piercing the corporate veil between those parties and BMY, an entity owned by Greenwald. Any evidence showing that the Eshel defendants disregarded corporate formalities amongst themselves and operated as alter-egos is not relevant to the claim seeking to hold them liable for BMY's breaches on a veil piercing/alter-ego theory, and the record evidence does not show anything like complete domination. The record does not show any relevant overlapping ownership (or an intermingling of corporate funds). The record, at most, shows that Eshel and Greenwald decided to run their otherwise separate companies in shared office spaces, including the space subleased to BMY, which is not an example of using the corporate form to evade a contracted liability or strong evidence that supports veil piercing (see Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511 [1st Dept 2009]). With respect to the claim against Greenwald, the evidence cited by plaintiff is insufficient to make the requisite showing of complete domination of BMY by Greenwald or the illusory nature of BMY based on connections with the Eshel entities that disregarded the corporate form (see Cerrato v Dee Corp., 150 AD3d 522 [1st Dept 2017]).
Given the lack of basis for holding the Eshel defendants, or Greenwald individually, liable for breaches of the BMY sublease, the evidence cited by plaintiff concerning certain agreements and partial payments made by Eshel defendants does not provide the basis for an account stated cause of action. Accordingly, the tenth cause of action for an account stated is dismissed in its entirety.
The court properly declined to dismiss the quasi-contract claim (count 8) as asserted against the Eshel defendants other than EAP and Eshel individually (see Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510, 511 [1st Dept 2015]; see also 885 3rd Ave. Realty Owners LLC v Alden Global Capital LLC, 210 AD3d 570, 571 [1st Dept 2022]; Gateway I Group., Inc. v Park Ave. Physicians P.C., 62 AD3d 141, 149 [2d Dept 2009]). However, the quasi-contract claims should have been dismissed as against Greenwald and Eshel individually, as there is no evidence that either Greenwald or Eshel used or occupied the premises in any capacity other than his capacity as an owner-employee of an entity.
Plaintiff asserts counts 2, 8, 9 and 10 against EAP on the theory that EAP may be liable as a successor-in-interest to one or more of the other defendants. The record establishes, however, that no basis exists for imposing successor liability on EAP. Accordingly, EAP was entitled to summary judgment dismissing counts 2, 8, 9 and 10 as against it. Moreover, as previously [*3]discussed, count 5, the only remaining count asserted against EAP, which is premised on an alleged assignment of the sublease, must be dismissed because the record contains no evidence of a valid assignment of the sublease. Since we are dismissing all counts as against EAP, we direct entry of judgment dismissing the action as against that defendant.
In addition, we find that that the Eshel defendants correctly argue that terms of the lease and sublease at issue make clear that liability under the BMY sublease does not extend to real estate taxes.
Finally, with respect to the cross-claims, we find that that the Greenwald cross-claims are deemed abandoned as asserted against Eshel individually, as is his forgery cross-claim as asserted against the other Eshel defendants (see Murphy v Schimenti Constr. Co., LLC, 204 AD3d 573, 574 [1st Dept 2022]). Apart from Arik Eshel, who was also released by Greenwald from any cross-claims, the Eshel defendants do not seek dismissal of the Greenwald cross-claim for indemnification against them. The Eshel defendants also do not contest dismissal of their cross-claim for contribution from Greenwald. Given the above ruling rejecting plaintiff's argument that Greenwald is the alter-ego of BMY and the dismissal of the claims that would be the basis for the Eshel defendants' indemnification cross-claim against Greenwald, dismissal of this cross-claim is not premature. Since all claims and cross-claims against Greenwald and Eshel in their respective individual capacities are being dismissed, we direct entry of judgment in their favor.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024