Mandracchia v Renovate-Create Sourcing & Procurement Corp. (2024 NY Slip Op 04439)

Mandracchia v Renovate-Create Sourcing & Procurement Corp.

2024 NY Slip Op 04439

Decided on September 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 12, 2024

Before: Kern, J.P., Moulton, Friedman, González, Pitt-Burke, JJ. 

Index No. 653953/19 Appeal No. 2438-2439 Case No. 2023-01377, 2023-05829 

[*1]Martine Mandracchia, Plaintiff-Appellant,
v
Renovate-Create Sourcing and Procurement Corp., et. al., Defendants-Respondents. Imagen Architecture LLC, et al. Defendants-Respondents. 

Law Office of Robert L. Greener, New York (Robert L. Greener of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Cutsogeorge Tooman & Allen Architects PC, respondent.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for Douglas Elliman Property Management, and 405/63 Owners' Corp, respondents.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about February 17, 2023, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Douglas Elliman Property Management (DEPM) and 405/63 Owners Corp. (together, the Co-op Defendants) for summary judgment dismissing plaintiff's fourth and sixth causes of action, granted the Co-op Defendants summary judgment on their second counterclaim for indemnification, and granted the motion of defendant Cutsogeorge Tooman & Allen Architects, P.C. (CTA), for summary judgment dismissing the fifth cause of action, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 31, 2023, which granted plaintiff's motion for reargument, and upon reargument, adhered to the original determination, unanimously affirmed, without costs.
In 2013, plaintiff and Owners Corp. entered into an alteration agreement for a gut renovation of plaintiff's apartment at 405 East 63rd Street (the Co-op), a building managed by DEPM. Plaintiff hired an architect, defendant Imagen Architecture LLC to develop a renovation plan. Plaintiff submitted the plan to DEPM, Owners Corp., and the Co-op's architect, CTA, for a feasibility review. After several rounds of comments and revisions, CTA approved the renovation plan in July 2016.
Plaintiff hired defendants Renovate-Create Sourcing and Procurement Corp. and its principal, defendant Alan Friedberg, as contractors to supervise the renovation work. Plaintiff alleges that she hired the contractors on the recommendation of the Co-op's board president, who should have warned plaintiff that the contractors were unlicensed and uninsured. Plaintiff seeks to recover damages allegedly caused by the contractors' subpar work.
The motion court properly dismissed the fifth cause of action against CTA for negligence. The record does not show a relationship between plaintiff and CTA that is a functional equivalent of privity (see Greenstreet of N.Y., Inc. v Davis, 166 AD3d 470, 471 [1st Dept 2018]). Nor does the record show that CTA had sufficient control and authority over the project to support a duty of care to plaintiff (see Cerrato v Dee Corp., 150 AD3d 522, 523 [1st Dept 2017]; Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 107 AD3d 646, 648 [1st Dept 2013]). CTA's compliance reports included disclaimers providing that Imagen was solely responsible for ensuring compliance with applicable laws, rules, and regulations. Moreover, CTA expressly disclaimed any representations about the quality of the renovation work.
The court correctly dismissed the fourth cause of action against the Co-op Defendants for violation of the Multiple Dwelling Law § 78 duty to keep the building unit in good repair (see Robinson v New York City Hous. Auth., 89 AD3d 497 [1st Dept 2011]). An owner's duty under Multiple Dwelling Law § 78 to maintain the premises in good repair is nondelegable (see Carlos v 395 E. 151st St., LLC, 41 AD3d 193, [*2]195 [1st Dept 2007]). In this case, however, plaintiff assumed contractual responsibility for the renovations and damages caused by her contractors. Plaintiff cannot maintain a Multiple Dwelling Law § 78 claim against the Co-op Defendants for damages caused by her own renovations.
The court correctly dismissed the sixth cause of action for breach of fiduciary duty against DEPM. Plaintiff alleges that DEPM signed off on defective construction work and failed to notify plaintiff that the contractors were unlicensed. The evidence shows that the Co-op did not require general contractors to provide proof of licensing. Nothing in the record indicates any breach of duty by DEPM relating to plaintiff's retention of the contractors or in DEPM's limited oversight of the renovation work, which was restricted to code compliance. Instead, the proprietary lease and the alteration agreement made plaintiff solely responsible for the renovation work.
Finally, the court properly awarded the Co-op Defendants summary judgment on their second counterclaim for indemnification. The record demonstrates that the renovation damage to the apartment was caused solely by plaintiff's contractors. Thus, there is no triable issue of fact as to the Co-op Defendants' contributory negligence with respect to the defective renovation work.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 12, 2024