| **Ray v Taveras** |
|:---:|
| 2026 NY Slip Op 30710(U) |
| February 27, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 651018/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND**                    PART                    35

*Justice*

-------------------------------------------------------------------X

ALLEN RAY

                                                    Plaintiff,

                              - v -

EDWIN TAVERAS,

                                                    Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651018/2025 |
| MOTION DATE | 04/16/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for _____ DISMISSAL _____.

Upon the foregoing documents, Defendant's motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(7) is granted in part and denied in part.

## I.      Background

As alleged in the Complaint, Plaintiff and Defendant were former coworkers at the Bouklis Group, a real estate firm. Allegedly, in 2015, Defendant claimed he was starting his own real estate firm and recruited Plaintiff to work for him. Plaintiff allegedly began working for Defendant in 2016. Allegedly, as part of Plaintiff's employment, he paid Defendant a "desk fee" of $1750 per month, and in exchange, Plaintiff could keep 100% of the commissions he earned. Plaintiff claims he paid this fee from September 2016 through May of 2024 but Defendant retained commissions owed to Plaintiff.  Defendant also allegedly promised Plaintiff that he would earn 5% of the commission earned by every salesperson Plaintiff recruited and trained at Defendant's firm. Plaintiff alleges Defendant breached this promise too. Plaintiff alleges that he recruited and trained Laurent Plante, a salesperson who earned at least half a million dollars for Defendant, but Plaintiff did not receive the 5% of Plante's commissions as promised.

Plaintiff further claims that in 2020 Defendant promised that if Plaintiff secured an exclusive deal with the Moinian Group ("Moinian"), a real estate developer, that Plaintiff would receive commissions from the deal and would be in charge of advertising Moinian properties. Despite Plaintiff allegedly procuring an exclusive deal with Moinian, Defendant excluded Plaintiff from the partnership and never paid him compensation.

Plaintiff eventually left Defendant's real estate firm in May of 2024. After leaving, Plaintiff allegedly required a signature from Defendant to as part of opening his own brokerage firm, but Defendant demanded $10,000 from Plaintiff in exchange for the required signature. Plaintiff alleges he only learned in May of 2024 that Defendant was never a licensed real estate broker and his company was a sham. Now, Plaintiff sues Defendant alleging a violation of New York real property and business corporation laws, breach of contract, unjust enrichment, fraud, duress, and conversion. Defendant moves, pre-answer, to dismiss pursuant to CPLR 3211(a)(7).

## II.     Discussion

### A. Standard

The motion is granted in part and denied in part. When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court accepts all factual allegations as true, gives Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings, and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

## A. Duress, Fraud, and Real Property & Business Corporation Laws

The claim for duress dismissed. To allege duress, Plaintiff must show a wrongful threat and the preclusion of the exercise of free will (*see Duane Morris LLP v Astor Holdings Inc.*, 61 ad3d 418 [1st Dept 2009]). While the Complaint alleges a wrongful threat, namely requesting an exorbitant fee in return for a required signature, there are no allegations that Plaintiff actually paid the fee or was otherwise precluded through the exercise of his free will.[1] Because Plaintiff did not acquiesce to the allegedly wrongful threats, there is no viable claim for duress.

The fraud claim is likewise insufficient. Fraud claims are subject to a heightened pleading standard pursuant to CPLR 3016(b) and must be supported by particularized facts. There must be factual specificity detailing a material misrepresentation, knowledge of the misrepresentation's falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]).

Plaintiff fails to allege adequately the justifiable reliance element. Plaintiff claims he was defrauded because Defendant represented he was operating a valid brokerage firm when in reality Defendant's business was not registered to conduct business in New York. However, Plaintiff could have ascertained whether Defendant's business was registered through publicly available information, including the New York Department of State (*see P & HR Solutions, LLC v Ram Capital Funding, LLC*, 195 AD3d 473 [1st Dept 2021] [element of justifiable reliance lacking where misrepresentation could have been uncovered through publicly available documents]; *see also HSH Nordbank AG v UBS AG*, 95 AD3d 185, 192-193 [1st Dept 2012]). As to the allegations that Plaintiff was defrauded by Defendant's demand for $10,000 and a $5,000 Gucci jacket,

---

[1] The Complaint also alleges that Defendant later reduced his demand from $10,000 in cash to a $5,000 Gucci jacket. However Plaintiff does not allege he acquiesced to either of Defendant's alleged demands.

651018/2025  RAY, ALLEN vs. TAVERAS, EDWIN
Page 3 of 7
Motion No. 001

3 of 7

Plaintiff does not allege he provided Defendant with the money or Gucci jacket and therefore has not alleged the damages element of fraud.

Finally, to the extent Plaintiff alleges Defendant fraudulently promised Plaintiff compensation for services, this is duplicative of the breach of contract and unjust enrichment claims (*see Emissions Reduction Corp. v mCloud Technologies (USA) Inc.*, 242 AD3d 450, 452 [1st Dept 2025]).

The claim based on alleged violations of the real property and business corporate law is dismissed. Plaintiff fails to show he was aggrieved by Defendant's violation of these statutes and fails to allege these statutes bestowed upon him a private cause of action against Defendant for allegedly violating the statutes (*see, e.g. Brian Hoxie's Painting Co., Inc. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 211-212 [1990] [where statute does not expressly provide for private cause of action in statute, Court must determine whether there is an implied cause of action through statutory provisions and legislative history]). The private right of action, if any, to be implied from the Real Property Law § 441-a is a right of action bestowed upon consumers who have been defrauded by an alleged broker in a real estate transaction– not a business associate of the alleged violator. This is especially the case here where Plaintiff alleges he accepted monetary benefits from Defendant's alleged violation – while Plaintiff sues here for unpaid commission, he also admits in his affidavit that he earned commissions while working for Defendant.

## B. Breach of Contract, Conversion & Unjust Enrichment

Considering this is a pre-answer motion to dismiss where the parties are without the benefit of discovery, and as this Court is required to accept the facts alleged as true and grant the non-movant all favorable inferences which may be drawn from the pleadings, the motion to dismiss the breach of contract claim is denied, without prejudice, and with leave to renew upon further

651018/2025  RAY, ALLEN vs. TAVERAS, EDWIN
Motion No. 001

Page 4 of 7

discovery. Although Defendant argues in conclusory fashion in his memorandum of law that there is no note or memorandum regarding the alleged oral agreement, at this pre-discovery juncture it would be premature to make such a finding (*see, e.g. Basal Trading and Sons Ltd. v M&G Diamonds, Inc.*, 212 AD3d 551, 552-553 [1st Dept 2023]).

Defendant's reliance on *Clark v Bank of New York*, 185 A.D.2d 138 (1st Dept 1992) is inapposite as that case was decided after a jury trial as opposed to a pre-answer motion to dismiss. The argument that consideration is not alleged is without merit as Plaintiff alleges he provided not only his personal services to Defendant, but paid a monthly "desk" fee of $1750 with the expectation he would be earning commission. Accepting the facts alleged as true, Plaintiff also sufficiently alleges partial performance for purposes of alleging an oral contract (*see, e.g. Red Oak Fund, L.P. v MacKenzie Partners, Inc.*, 90 AD3d 527, 528 [1st Dept 2011]; *Haybyrne v Dugan*, 258 AD2d 281 [1st Dept 1999]). Finally, Plaintiff alleges Defendant's breached and damages since Plaintiff did not reap the monetary compensation promised. While the Court may find there was no enforceable oral agreement on a future motion for summary judgment, at this pre-answer and pre-discovery phase, to summarily dismiss the breach of contract claim would be inappropriate.

The motion to dismiss the conversion claim is denied. Accepting the facts alleged as true, Defendant has retained Plaintiff's personal property and has not returned it to Plaintiff despite Plaintiff's demands. This is sufficient to sustain a claim for conversion (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43 [2006] ["elements of the tort of conversion are: (1) plaintiff's possessory right or interest in the property, and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights"]). Although Defendant argues, through his attorney, that he returned the property, this is disputed by Plaintiff's affidavit and, in any event, is insufficient on a pre-answer motion to dismiss. This is especially the case as an

attorney affirmation unaccompanied by an affidavit from the client has no probative value and is hearsay (*Beltre v Babu*, 32 AD3d 722 [1st Dept 2006]). Therefore, the motion to dismiss the conversion claim is denied.

Finally, the cause of action unjust enrichment survives for purposes of a pre-answer motion to dismiss. As there is a bona fide dispute as to the existence and enforceability of a contract, the unjust enrichment claim is properly pled (*see Basu v Alphabet Management LLC*, 127 AD3d 450 [1st Dept 2015]). Moreover, Plaintiff has alleged that Defendant was unjustly enriched by accepting his services and a monthly "desk fee" of $1750 while failing to provide him all commissions allegedly earned by him.

### C. Leave to Amend

Plaintiff's request for leave to amend, which was not made via formal notice of motion or cross motion, is denied. Pursuant to CPLR 2215, a party seeking relief in connection with another party's motion is required to do so by way of a cross motion (*see Fried v Jacob Holding, Inc.*, 110 AD3d 56 [2d Dept 2013]). If Plaintiff seeks leave to amend, it must be done via a notice of motion or cross motion, which was not done here. Therefore, this request is denied.

Accordingly, it is hereby,

ORDERED that Defendant's motion is granted to the extent that the causes of action for fraud, duress, and violations of the real property and business corporate law are dismissed, but the remainder of the motion is denied; and it is further

ORDERED that within twenty days of entry, Defendant shall file an Answer to Plaintiff's Complaint; and it is further

ORDERED that Plaintiff's request for leave to amend is denied; and it is further

**651018/2025  RAY, ALLEN vs. TAVERAS, EDWIN**          Page 6 of 7
**Motion No. 001**

[* 6]                                   6 of 7

ORDERED that the parties shall immediately meet and confer and submit a proposed preliminary conference order to the Court via e-mail, but in no event shall the proposed preliminary conference order be submitted any later than March 24, 2026; and it is further

ORDERED that if the parties elect to resolve their dispute via the Court's sponsored ADR program, they shall notify the Court so the appropriate referral order may be issued; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

2/27/26
**DATE**                                                    HON. PHAEDRA F. PERRY-BOND, J.S.C.

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | x NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | x GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 7]